THE MAYOR AND ALDERMEN OF JERSEY CITY v. THE JERSEY CITY AND BERGEN RAILROAD COMPANY.

Argued November 5, 1903—Decided February 23, 1904.

1. The charter of the Jersey City and Bergen Railroad Company, approved March 15th, 1859, and its supplements, being private acts, their provisions cannot, on demurrer, be noticed except as they appear on the face of the pleadings.

2. The provision in that charter by which the company was empowered to construct and operate a street railroad in Jersey City, provided that in constructing the railroad the company first obtained the consent of the city council; the ordinance of the council giving such consent on condition that the company should pay an annual fee for each car run on the railroad; the acceptance of the ordinance by the company and the construction of the railroad in pursuance of the consent, and the supplement to the company's charter, approved March 17th, 1860, declaring that in constructing and maintaining its railroad in Jersey City the company should be subject to the conditions imposed in the ordinance; placed upon the company a legal obligation to pay the stated fee.

3. If a claim, long dormant, be not discharged by statutory limitation, the lapse of time is not legally a release, but is only evidence of a release, and therefore will not, on demurrer, defeat the claim.

On demurrer.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, HENDRICKSON and SWAYZE.

For the plaintiff, *Gilbert Collins.*

For the defendant, *Frank Bergen.*

The opinion of the court was delivered by

DIXON, J.   In this declaration the plaintiff, the mayor and aldermen of Jersey City, alleges that by "An act to incorporate the Jersey City and Bergen Railroad Company," approved March 15th, 1859, that company was authorized to construct and operate a railroad through certain streets of Jersey City, provided that in constructing the railroad through any of the streets of the city the consent of the common council of the city should first be obtained.   The pleading further sets forth that, by ordinance adopted December 20th, 1859, the common council consented to the construction of the railroad through several streets of the city, on condition that the company should pay to the city annually, in advance, a license fee of $10 for each car run on the railroad; that this ordinance was accepted and the railroad accordingly constructed by the company; that by a supplement to the company's charter, approved March 17th, 1860, it was enacted that the company, in constructing and maintaining its railroad in the streets of Jersey City, should be subject to such conditions as the common council in the ordinance granting consent had imposed or should impose on the company; that subsequently other ordinances of similar import were adopted by the common council and were accepted, and the tracks so consented to were laid by the company; that from the several times when the ordinances took effect until September 25th, 1893, the company ran two hundred cars annually over the tracks through the streets of Jersey City, but paid no license fees therefor except up to the year 1868; and therefore the

plaintiff demands from the company $150,000 as the residue of said license fees. To this declaration the company demurs.

In his argument to support the demurrer the counsel of defendant refers to various clauses said to be contained in the charter of the company and the supplements thereto. As these enactments are not public laws, we cannot notice them except as they appear on the face of the pleadings (1 *Chit. Pl.* 216), and consequently they are not relevant to the present inquiry.

The noticeable grounds taken on behalf of the demurrant are (1) that the ordinances were not within the power of the council, and (2) were not validated by the supplement to the company's charter passed March 17th, 1860.

As the legislature was itself the representative of the general public and had power to grant unconditionally to the company the right to construct its railroad through the streets of Jersey City, the fact that the right was granted upon the condition that the consent of the common council should first be obtained, indicates that such consent might be given or withheld on grounds of advantage or disadvantage to the local public represented by the municipal body. The construction of the railroad through the streets of Jersey City might in various ways lead to an increase in the burdens of the municipality, and its consent was made requisite, doubtless, in order that provision should be made to meet or mitigate these burdens. What the provision should be the legislature did not prescribe; and so long as it was satisfactory to the city and the company, other persons were not concerned. These parties chose, by the ordinance of the council and its acceptance by the company, to put the provision in the form of an annual contribution by the latter to the municipal treasury, graduated by the company's use of the streets, and we see no reason to question their power of doing so, or the legality of their bargain. If the right of the city to impose such a condition was to be denied; the ordinance should not have been accepted, but should have been attacked directly, for if the council had not that right the consent which was given on

this condition, and was inseparably connected with it, must fall on its annulment. *Davis* v. *Town of Harrison,* 17 *Vroom* 79, 85.

But if the matter were questionable originally, all doubt seems to have been removed by the supplement to the company's charter passed in 1860, by which the conditions were expressly approved by the legislature.

The validity of some of the conditions imposed by the ordinance of December, 1859, was affirmed in *Jersey City and Bergen Railroad Co.* v. *Jersey City and Hoboken Horse Railroad Co.,* 5 *C. E. Gr.* 61; 6 *Id.* 550. When the case was before the Chancellor, he said (5 *Id.* 74) : "This ordinance, its acceptance, the obligation and the supplement to the charter, are matters between the city and the complainant; as between them, they amount to contracts." The decision itself in the Court of Appeals went so far as to hold that a provision in the ordinance, securing to the Hoboken company the right to a joint use of some of the tracks laid in pursuance of the consent, was valid and enforceable by the Hoboken company.

We think the declaration shows a contract between the plaintiff and defendant, made under legislative authority and confirmed by express legislative sanction.

The cases cited in opposition to this view (*North Hudson County Railway Co.* v. *Hoboken,* 12 *Vroom* 71, and *Fielders* v. *North Jersey Street Railway Co.,* 39 *Vroom* 343), are not pertinent, for neither of them deals with an ordinance embodying conditions for a consent which the municipality had a right to withhold, and on acceptance of which the railroad company had constructed its road.

. The defendant further urges that, as it appears by the declaration that the fee has not been paid since the year 1868, the court should presume a release thereof.

But the presumption thus suggested is not one *juris et de jure;* it is merely a presumption of fact, capable of being rebutted by circumstances showing that it ought not to prevail. *Bryant* v. *Foot, L. R., 2 Q. B.* 161. If a claim, long dormant, be not defeated by some statutory bar, the lapse of

time is only evidence justifying, and if there be no counter evidence, requiring a jury to infer that the claim has been released. · But because it is only evidence, it cannot itself be pleaded; the fact which it tends to prove must be pleaded, so that issue may be joined thereon. On this demurrer the court cannot infer a discharge from the staleness of the claim.

The plaintiff is entitled to judgment on the demurrer.

